UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| GAETAN PELLETIER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:17-CV-006 |
| | § | CIVIL ACTION NO. 6:17-CV-062 |
| | § | |
| VICTORIA AIR CONDITIONING, LTD., | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

This commercial lawsuit[1] is one of several (filed in both state and federal court) involving the construction of the TexInn, a hotel in Cuero, DeWitt County, Texas. Plaintiff Gaetan Pelletier claims hotel ownership and seeks various damages allegedly caused by faulty plumbing installed by Defendants Victoria Air Conditioning, Ltd. ("VAC") and its employees.

Plaintiff alleges liability for (1) breach of contract; (2) negligence; (3) negligence *per se*; (4) gross negligence; (5) common law fraud and fraudulent inducement; (6) fraud

---

[1] On January 25, 2017, Plaintiff filed suit against Defendants Victoria Air Conditioning, Ltd. ("VAC"), Lloyd Boedeker, and Warren Heilker in Cause No. 6:17-cv-6. On November 13, 2017, Plaintiff filed a separate suit on the identical subject matter in Cause No. 6:17-cv-62. Plaintiff named the same Defendants and added current and former VAC employees or officers Gay Heilker, Benjamin F. Heilker, Donald H. Anderson, and Mario Ledesma; Defendants' attorneys John W. Griffin, Jr., Robert E. McKnight, Jr., Michael J. Neuerburg, and their law firm Marek, Griffin & Knaupp; and the Texas State Board of Plumbing Examiners ("TSBPE"), TSBPE attorney Jon Lawson, TSBPE Executive Director Lisa G. Hill, TSBPE Director of Enforcement Stephen P. Davis, and John Does of the TSBPE. At the hearing on January 30, 2018, the Court orally dismissed Plaintiff's claims as to the attorneys and the TSBPE Defendants and consolidated the cases. The Court entered written orders thereafter.

1

by nondisclosure; and (7) conspiracy. For each of these causes of action, Plaintiff seeks damages in excess of $75,000 for: (1) lost revenues from the delay in opening the TexInn hotel and (2) the costs of repair to the building and replacement of the allegedly faulty plumbing.

Plaintiff is a citizen and resident of California. Defendants VAC, Lloyd Boedeker, Warren Heilker, Gay Heilker, Benjamin F. Heilker, Donald H. Anderson, and Mario Ledesma are all citizens and residents of Texas. The individual Defendants are current and former employees or officers of VAC. This Court has diversity jurisdiction. 28 U.S.C. § 1332(a).

In a Rule 12(b)(1) motion, Defendants have challenged Plaintiff's standing to bring these claims. Fed. R. Civ. P. 12(b)(1). The issue is his ownership of the hotel. If he is not the owner, he is not the proper party to bring this lawsuit. *See Schwartzott v. Etheridge Prop. Mgmt.*, 403 S.W.3d 488, 499 (Tex. App. 2013) (holding that plaintiffs lacked standing to sue for damaged property they did not own); *Develo-cepts, Inc. v. City of Galveston*, 668 S.W.2d 790, 794 (Tex. App. 1984) ("Without an interest in the property, appellant had no legal right to be breached, and therefore, had no standing to challenge zoning decisions concerning that property."). "If a plaintiff lacks standing to bring a claim, the Court lacks subject matter jurisdiction over the claim and dismissal under Federal Rule of Civil Procedure 12(b)(1) is appropriate." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 279 F.R.D. 395, 403 (S.D. Tex. 2011) (citations omitted). "[A] plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Superior MRI Servs., Inc.*

*v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (quoting *United States v. Johnson*, 632 F.3d 912, 919–20 (5th Cir. 2011)). When a defendant factually challenges ownership of legal rights by submitting evidence, the plaintiff must prove to the Court his own interest in the legal claims of his suit and must do so by a preponderance of the evidence. *Superior MRI Servs., Inc.*, 778 F.3d at 504. If he fails to do so, he has no standing and his suit must be dismissed. *Id.*

Based on Plaintiff's pleadings and the evidence in the record, Defendants contend that Plaintiff lacks standing to bring his claims against them because any claims would belong to Plaintiff's limited liability companies, not Plaintiff as an individual. The limited liability companies of Plaintiff's Cuero project are:

(1) Pelletier Management & Consulting, LLC ("PMC"), which Plaintiff describes in this suit as "a Colorado Limited Liability Company and...the land owner on which the improvements of the project are situated."

(2) TexInn, LLC, a limited liability company formed under Texas law which Plaintiff alleges in this suit "manages the TexInn project in part and [which] is designated to own and operate the [hotel] business."

(3) Q.I. Wholesale, Lumber LLC, a limited liability company formed under Texas law which Plaintiff claims in this suit is "one of the building material purchasing agents for the TexInn Project."

Plaintiff is a member of Q.I. Wholesale Lumber, LLC and TexInn, LLC, and the chief executive manager of Pelletier Management & Consulting, LLC. It is apparent to the Court that Plaintiff is the primary actor of each of the limited liability companies. On May 25, 2017, the Court (Hanks, J., presiding) ordered the parties to engage in discovery related to Plaintiff's standing. The parties have submitted substantial documentary

evidence bearing on the ownership of the TexInn hotel. The Court also held a motion hearing on January 30, 2018 during which Plaintiff testified under oath and Defendants submitted further documentary evidence.

The public record for the TexInn hotel shows no ownership in Plaintiff. In the first instance, general warranty deed #85582, dated February 10, 2012, conveys title of the land where the TexInn is built from grantors David and Nancy Calhoon to grantee PMC. *See* Vol. 407, Pages 206-211, Deed Records, DeWitt County, Texas. (D.E. 37-1, Pages 38-43). Likewise, DeWitt County Appraisal District records through 2017 name PMC as the owner of the land, valued at $146,180, and owner of the improvements, valued at $1,255,010. (D.E. 37-1, Pages 56-59).

In deeds of trust to secure loans for the hotel's construction, Pelletier as chief executive manager signed three deeds of trusts each on separate occasions declaring that PMC was the owner of the property "including any improvements": (1) in deed of trust #108081, dated February 25, 2015, PMC pledged that it owned the land "including any improvements" to secure a loan of $2,000,000 (D.E. 37-1, Pages 60-65); (2) in deed of trust #113287, dated April 12, 2016, PMC again made such representation of ownership in PMC to secure a loan of $500,000 (D.E. 37-1, Pages 66-70); (3) in deed of trust #116974, dated March 31, 2017, PMC again made the same statement of ownership in PMC to secure a loan of $1,000,000 (D.E. 37-1, Pages 71-77). This last deed of trust was signed by Pelletier after he filed this suit claiming he was the owner of the hotel. These mortgages contradict Pelletier's personal claims to owning the improvements.

Equally troubling are claims in a state of Texas lawsuit. On September 23, 2016, Q.I. Wholesale Lumber, LLC and TexInn, LLC brought suit against VAC and Boedeker in the 267th District Court in DeWitt County, Texas claiming the same damages arising from the same events as this lawsuit. Plaintiff's limited liability companies alleged that they were "the owners of the TexInn hotel." (D.E. 37-1, Page 3). Plaintiff made the decision to bring the DeWitt County lawsuit and retain counsel. When counsel withdrew, the state district judge ordered the plaintiffs to enlist counsel and admonished that limited liability companies could not proceed *pro se*. Plaintiff testified that he decided to abandon the state suit. After Plaintiff's limited liability companies failed to hire counsel or further prosecute the case, the district judge dismissed Q.I. Wholesale Lumber, LLC and TexInn, LLC's claims, but entered default judgment on VAC's counterclaim against the state plaintiffs.

Now in this federal suit, and appearing *pro se*, Plaintiff claims hotel ownership for himself—not his limited liability companies. Plaintiff clarifies that he owns the "hotel" itself, which the Court takes to mean the building (its physical manifestation of steel, concrete, and lumber) as opposed to the "hotel business" of TexInn, LLC. Plaintiff further explained that it is his practice to use the limited liability companies, as the organizational structures here and at other properties, to develop his hotel projects. Income tax advantages are the motivation for using limited liability companies.

To meet his burden of proving to the Court that he is the owner of the hotel, Plaintiff offers one document, entitled "Land Lease Agreement." The lessor is PMC,

signed by Plaintiff's wife, Nancy Pelletier, on behalf of lessor; lessee is Gaetan Pelletier, signed by Pelletier for himself.

The lease is clear in that PMC grants Gaetan Pelletier a thirty year lease on the site on which Pelletier may "build, operate, and maintain a hotel" for an agreed, significant rent. Pelletier relies on certain language to demonstrate that he owns the hotel: (1) "[a]ll improvements to be constructed on the site, inclusive of underground utilities shall be owned by Lessee"; and (2) "...Lessee owns the improvement structure(s)...." On balance, the Court interprets this document for what it says it is, that is a lease to build and operate a hotel. This lease, together with all the other evidence, does not show clear intent by PMC, the landowner, to convey real property or any improvements. *See Travis Cent. Appraisal Dist. v. Signature Flight Support Corp.*, 140 S.W.3d 833, 838 (Tex. App. 2004).

Other documentary evidence that would speak to Plaintiff's ownership of the building have not been presented by the Plaintiff. These are documents that one would normally expect to have in the construction of a hotel, including:

(1) One or more construction contracts or subcontracts between Plaintiff and contractors;

(2) A commercial agreement between Pelletier as building owner and TexInn, LLC as hotel operator;

(3) Building permits;

(4) Insurance policies and bonds;

(5) Invoices and purchase orders.

6

None of these are present here, except a bid letter for plumbing installation services from VAC addressed to Josh Pelletier of Q.I. Wholesale Lumber, LLC.

In listening to Plaintiff's testimony, the Court concluded that Plaintiff was often merging himself and his own interests in a limited liability company with the limited liability company itself. For instance, after the Court asked who replaced the faulty plumbing installation, Plaintiff stated that he personally did:

> THE COURT: And who paid for the replacement?
>
> MR. PELLETIER: I did.
>
> THE COURT: Out of your pocket?
>
> MR. PELLETIER: Out of my pocket.
>
> THE COURT: Not through an LLC.
>
> MR. PELLETIER: Not through an LLC. If it was paid through an LLC, Judge, it was paid to me to TexInn that actually paid --
>
> THE COURT: Okay, I want to know who paid it.
>
> MR. PELLETIER: Well, the management company is TexInn so it would have probably paid it. But I'm financing TexInn. The owner of the building is financing the management company.

(D.E. 64-1, Pages 129-130). Plaintiff later reiterated that he operated through his limited liability companies:

> THE COURT: Q. I. and PMC are so joined in your mind that when I ask you a question, who paid for it, I'm asking if you wrote that check out of your own bank account that you and Nancy share to run the household or some other business entity. And you say, no, it comes from [Q.I.] or [PMC] or whatever it's called, right?
>
> MR. PELLETIER: Well, it could have come—this project is four years old, Judge, so the funds come from various entities that we control throughout

7

the country. And they're done electronically—they're electronically transferred to [TexInn, LLC] the management company that manages the project. But I incurred the damages.

(Cause No. 6:17-cv-6; D.E. 64-1, Page 138).

The Court cannot conclude Plaintiff has proven by a preponderance of the evidence that Gaetan Pelletier is the owner of the TexInn. Although Plaintiff spoke articulately to his project, there are too many instances in the public record where the limited liability companies are declared by Plaintiff to be the owners. Statements to lenders and to courts are not taken lightly. Documents that might reflect ownership are not in the record. The matter is just too vague for the Court to find for Plaintiff. Therefore, Plaintiff does not have standing to sue for lost revenues from the delay in opening the TexInn hotel and the costs of repair to the building and replacement of the allegedly faulty plumbing. *See Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 509 (5th Cir. 2012); *L & F Homes & Dev., L.L.C. v. City of Gulfport*, 538 F. App'x 395, 408 (5th Cir. 2013) (unpublished); *see also* Tex. Bus. Orgs. Code § 101.113 ("A member of a limited liability company may be named as a party in an action by or against the limited liability company only if the action is brought to enforce the member's right against or liability to the company."); Tex. Bus. Orgs. Code § 101.106(b) ("A member of a limited liability company…does not have an interest in any specific property of the company.").

Since the evidence does not show that Plaintiff owns the hotel structure or the hotel business, the Court finds Plaintiff has "failed to prove the existence of…standing by a preponderance of the evidence." *Superior MRI Servs., Inc.*, 778 F.3d at 504. Plaintiff has not satisfied his burden of establishing that he has standing to assert his claims.

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (citations omitted). For the foregoing reasons, the Court finds that Plaintiff does not have standing and consequently, this Court lacks subject-matter jurisdiction. Accordingly, Defendants' motions to dismiss Plaintiff's suit are **GRANTED**.

ORDERED this 28 day of March, 2018.

_____
HAYDEN W. HEAD, JR.
SENIOR UNITED STATES DISTRICT JUDGE